VENANCIA ORTIZ MARTÍNEZ, Plaintiff and Appellee, v. GREAT AMERICAN INDEMNITY Co., Defendant and Appellant; FÉLIX MARTÍNEZ, ETC., Plaintiffs and Appellees, v. GREAT AMERICAN INDEMNITY Co., Defendant and Appellant.

Nos. 12562 and 12605. Decided August 4, 1961.

*Rafael Rivera Zayas, G. Rivera Cestero* and *A. Segurola de Diego* for appellants. *Enrique González, L. E. Gandía Arguelles, H. Lugo Bougal* and *C. J. Irizarry Yunqué* for appellees.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

As a result of an accident which occurred at the intersection of state highways Nos. 1 and 738, separate complaints were filed by the parents and brothers of a young man 18 years of age who lost his life in that accident: the father and four brothers filed one and the mother the other. The parents were separated and the children lived with the mother. The father had other children, but he maintained relations with the deceased. Both cases were tried jointly. They are consolidated before this Court. The judgment appealed from awarded $25,000 to the mother and $5,000 for attorney's fees; $10,000 to the father and $5,000 to each brother, and $5,000 for attorney's fees. The attorneys in each case are different.

The appellant assigns the commission of the following errors: (1) the compensation awarded is greater than the policy coverage; (2) there is no evidence to support the trial court's conclusion that the insured vehicle struck by the motorcycle in which the predecessor of the plaintiffs was traveling was coming along the road which is intersected by road No. 1, the fact being that both vehicles were traveling along the same highway; and (3) the excessive compensation.

We need not discuss the first error in view of the result reached in considering the third error assigned.

The second error was not committed. Nowhere in his conclusions does the trial judge say that the vehicle in which the insured's agent was riding was traveling on highway No. 738. Moreover, the manner in which the insured's vehicle reached the place from where it suddenly swerved to the central highway is not significant. The version of the accident given at the trial supports the respondent court's conclusion. The court concluded that the insured's vehicle abandoned the place where it was situated and suddenly crossed highway No. 1. This conclusion is supported by the evidence.

The third error was committed and the judgment should be modified. In view of all the circumstances surrounding the case, it seems that the compensation awarded is excessive. Hence, it is reduced to the amounts which follow:

Appeal No. 12562:

| | |
|---|---|
| Venancia Ortiz Martínez | $20, 000 |
| Attorney's Fees | 2, 000 |

Appeal No. 12605:

| | |
|---|---|
| Félix Martínez | $2, 000 |
| Miguel Angel Martínez Ortiz | 2, 000 |
| Carmen Delia Martínez Ortiz | 2, 000 |
| Asunción Martínez Ortiz | 2, 000 |
| Santiago Martínez Ortiz | 2, 000 |
| Attorney's Fees | 1, 000 |

As thus modified, it will be affirmed.